Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
Defendants' motion to dismiss plaintiff's appeal is, in the discretion of the Full Commission, denied.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Travelers Insurance Company was the carrier on the risk.
3. Almetta Jenkins was an employee as defined by the North Carolina Workers' Compensation Act during the relevant period.
4. Edna M. Jackson was an employer as defined by the North Carolina Workers' Compensation Act during the relevant period.
5. After this action was commenced with the North Carolina Industrial Commission, Edna M. Jackson died in October 1996 and Wachovia Bank of North Carolina qualified as Executor of her estate.
6. The parties named in this action are properly before the North Carolina Industrial Commission.
7. Employee's average weekly wage is $368.53, yielding a compensation rate of $245.69.
8. Employee has not worked since 26 December 1995.
9. Ms. Jenkins was most recently employed with Ms. Jackson from 28 March 1995 to 26 December 1995.
10. Employee earned $7.50 per hour until 11 August 1994, when she began earning $8.00 per hour.
In addition, the parties stipulated into evidence the documents attached to the Order on Pre-hearing Conference. The pre-trial agreement is incorporated by reference.
 ***********
Based upon all of the competent evidence in the record, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. On 28 March 1995 plaintiff began working for Edna M. Jackson, an elderly woman who required attendant care. Plaintiff had previously worked for Ms. Jackson but had not worked outside of the home for approximately two years before March 1995. Plaintiff's job duties for Ms. Jackson included attending to her needs, assisting her to the bathroom or to the portable toilet, changing her gown, dusting, washing dishes, mopping the floor, polishing silver flatware, serving pieces and decorative pieces, washing her gowns by hand, ironing, waxing the hardwood floors, polishing brass articles, cleaning the bathroom and performing other household cleaning duties.
2. Although plaintiff testified that she began to have problems with her right hand after she started working for Ms. Jackson, she had been having problems with pain and numbness in her hands for a couple of months before she accepted this job. On 7 April 1995 she was seen in the neurology clinic at the University of North Carolina School of Medicine (UNC) for complaints of hand pain and numbness which was worse at night and with use. Nerve conduction studies were ordered to rule out carpal tunnel syndrome, and on April 18 plaintiff underwent a partial study which showed abnormalities with her right median nerve. She had to leave before the tests were completed. After that date, she did not follow-up with medical care until the next August.
3. Plaintiff alleges that she injured her hand in April 1995 when Ms. Jackson struggled with her while she was trying to help her from the portable toilet to a wheelchair. However, she never reported such an incident to Betty Younger, her supervisor and Ms. Jackson's companion. She also did not give a history of such an injury to medical personnel at UNC. The Deputy Commissioner did not accept plaintiff's allegation as credible, and the Full Commission defers to the Deputy Commissioner's credibility assessment in this case. Furthermore, Dr. Bevin, hand surgeon with UNC Hospitals, indicated that such an incident would probably not have caused her condition.
4. Plaintiff returned to UNC in December 1995 to complete the nerve conduction study which she had started in April. The test results were consistent with carpal tunnel syndrome. She also saw Dr. Bevin that month, and he offered her the option of having surgery should her symptoms bother her enough to warrant it.
5. Shortly before Christmas, plaintiff was terminated by Ms. Younger. She had previously refused to peel some shrimp because of an allergy to the shellfish, and Ms. Younger did not believe she was applying herself to her work since she could not be found on several occasions and was found reading the newspaper on another occasion. Consequently, Ms. Younger sent her home. Plaintiff did not return to work for Ms. Jackson in 1996.
6. In January 1996, plaintiff called Dr. Bevin and indicated that she would like to have surgery. On 21 February 1996, he performed a carpal tunnel release on her right hand. He retired shortly after the operation, so Dr. Zenn and then Dr. Anagnos followed her recovery until she was released on 21 November 1996.
7. Plaintiff's work duties with Ms. Jackson placed her at an increased risk of developing carpal tunnel syndrome as compared to members of the general public not so employed. Her duties involved the kind of hand movements which could cause carpal tunnel syndrome. However, plaintiff did not prove by the greater weight of the evidence that her job duties with Ms. Jackson were a significant contributing factor in the development of her carpal tunnel syndrome.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
1. Plaintiff failed to prove that she sustained an occupational disease within the meaning of the Act. N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is DENIED.
2. Each side shall pay its own costs.
 S/ _______________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER